RENDERED:  JULY 17, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2025-CA-1035-MR

EVERETT JAMIE TURNER        APPELLANT

v.      APPEAL FROM PERRY CIRCUIT COURT
HONORABLE ALISON C. WELLS, JUDGE
ACTION NO. 21-CI-00167

MORGAN, COLLINS & YEAST,
PLLC        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND MOYNAHAN, JUDGES.

CETRULO, JUDGE:  Everett Jamie Turner ("Turner") appeals findings of fact, conclusions of law, and a summary judgment in favor of his previous attorneys on a claim of legal malpractice.  For the reasons set forth below, we affirm the judgment of the Perry Circuit Court.

## BACKGROUND

The facts underlying this litigation are convoluted, the record is quite large, and the circumstances behind the claimed negligence began more than a decade ago. We will not restate all the facts and proceedings, which included several rulings by an administrative law judge ("ALJ") and two appeals to the Kentucky Workers' Compensation Board ("Board"), followed by a prior appeal to this Court and the Kentucky Supreme Court.

Rather, we will begin with the complaint filed in the Perry Circuit Court in May 2021. Turner filed suit against Morgan, Collins & Yeast ("the Law Firm") alleging it had failed to exercise the ordinary care required of a reasonably competent attorney acting in the same or similar circumstances. In the complaint, Turner alleged he had been injured in the course of his employment in 2012, and he had hired the Law Firm to represent him in a workers' compensation proceeding. In 2014, an ALJ awarded him a permanent disability award, but that decision was vacated by the Board in 2015. In reversing the ALJ, the Board *sua sponte* relied upon an unpublished opinion of this Court, issued 17 days earlier, which held that a finding of permanent impairment must be accompanied by a finding that the worker had reached maximum medical improvement ("MMI"). This Court held that, without an MMI finding, an impairment rating could not be properly assigned. *Corbett v. Maker's Mark Distillery, Inc.*, No. 2013-CA-

001102-WC, 2015 WL 1284393 (Ky. App. Mar. 13, 2015). Based upon this newly issued opinion, the Board remanded the matter to the ALJ to make further findings as to whether Turner had achieved MMI, *based on the record before it as it existed at that time*.

On remand, however, the ALJ considered additional evidence presented by Turner's attorneys and awarded further benefits. The Board again vacated the ALJ's decision, stating that by accepting and considering further evidence, it had exceeded the authority granted by the previous remand. That second ruling was appealed by the Law Firm to this Court which affirmed the Board's decision in May 2019. An appeal from our Court's decision to the Kentucky Supreme Court resulted in a 3-3 tie on May 28, 2020, which had the effect of sustaining the decision of the Board.

Turning back to this lawsuit, the complaint alleged that the Law Firm had committed negligence by failing to submit evidence of Turner's MMI date before the first ruling of the first ALJ. Second, the complaint alleges that the Law Firm committed negligence by not filing an appeal from that initial ruling of the Board which had remanded the matter to the ALJ. Instead, the Law Firm had continued to litigate before the ALJ following remand, ultimately resulting in damages to Turner.

After the filing of this suit in May 2021, the parties engaged in extensive written discovery. In answering interrogatories propounded to Turner in 2022 (as to expert witnesses he would call in support of his claims), Turner responded that:

> It has not yet been determined which expert witnesses may be called upon to testify at the trial of this action. Discovery is ongoing and [Turner] reserves the right to supplement this answer. [Turner] will comply with orders of the court regarding disclosure of expert witnesses.

The Law Firm's interrogatories further asked Turner to set forth the acts or omissions he claimed were a deviation from the standard of care owed. Turner's response stated that:

> The employer appealed various issues to the [Board]. However, the employer did not appeal the issue as to the validity of the impairment rating because [Turner] was not at MMI. Despite that fact, the Board overturned the ALJ's award of permanent total disability on their own volition, and the case was remanded to the ALJ to make additional findings regarding the date upon which [Turner] reached MMI, based on the evidence in the record as of March 30, 2015.
>
> [The Law Firm] did not appeal this issue to the Court of Appeals, and the Board's decision became law of the case. After a long procedural history, when the ALJ eventually made findings consistent with the Board's Order of March 30, 2015, there was no evidence of MMI prior to the date of the impairment rating and, therefore, the impairment rating upon which the ALJ's finding of permanent total disability was invalid. As a result, [Turner] lost the award of permanent total disability. This interrogatory is subject to expert opinion. [Turner]

-4-

reserves the right to supplement his answer to this interrogatory.

Over the course of the continued litigation, the parties also conducted several depositions. In October 2024, Turner moved the circuit court to assign a trial date and enter a scheduling order. The scheduling order, entered on December 2, 2024, established deadlines to identify experts and furnish reports from expert witnesses. Turner's expert disclosures were to be filed by January 3, 2025; the Law Firm's experts were to be identified by February 7, 2025; and a trial date was set for June 9, 2025.

Turner, however, did not produce any expert disclosures in January 2025. He did not update or supplement his interrogatory responses with any disclosures. In February, the Law Firm identified its two expert witnesses and produced two reports stating that the Law Firm had exercised the ordinary care and skill expected of a reasonably competent attorney acting under the same or similar circumstances. One month later, Turner filed a one-paragraph motion to continue the trial date and extend deadlines. As no basis for the request was stated, and the defense objected to a continuance at this juncture, the circuit court denied the motion.

In April 2025, the Law Firm moved for summary judgment pointing out that the case had been pending for 47 months and that Turner had failed to identify any expert witness who would testify that the Law Firm had deviated from

the standard of care in its representation of him. The Law Firm pointed to testimony of its member attorneys that the change in the law brought about by the Court of Appeals' decision in *Corbett* was the reason that Turner's award was vacated. The Law Firm also relied upon its two identified experts, both of whom practiced workers' compensation law for many years. The summary judgment motion and memorandum in support included affidavits of those two experts explaining the Law Firm's handling of the case and why it was in keeping with the law and standard of care at the time.

In response, Turner asserted that the *Corbett* case did not change the law in Kentucky and that this case did not turn upon the affidavits of experts. Turner then asserted for the first time that negligence could be determined based upon admissions of one of his former attorneys and an employee's internal email which indicated that the first Board opinion should have been appealed.

Alleging that this evidence created issues of fact, Turner argued against summary judgment and renewed his motion for a continuance. In the second motion to continue, Turner's attorney now asserted that he was "unavailable the week prior to trial" and that he believed a consultant, identified as Honorable John Kelley, "has received additional information which has changed his opinion." There was still no affidavit from any expert nor summary of the substance of any consultant's opinion.

The Perry Circuit Court denied the renewed motion for continuance, and on May 29, 2025, issued summary judgment in favor of the Law Firm ("Summary Judgment").[1]  In granting the Summary Judgment, the circuit court outlined the opinions provided by the two defense experts that the Law Firm did not deviate from the standard of care required of a reasonably competent attorney in its representation of Turner.  The court noted that Turner, after four years, had failed to timely identify an expert witness to establish that the Law Firm deviated from the applicable standard of care.  "In the absence of expert opinion establishing a breach of the standard of care, [Turner]'s claim must fail."

Turner then filed a CR[2] 59.05 motion to alter, amend, or vacate the Summary Judgment and argued that because professional negligence was "readily apparent," no expert testimony was needed.  In ruling on that motion, the circuit court reiterated that Turner's counsel clearly knew expert testimony was required:

> It is evident from the record in this case that [Turner] had notice that an expert was required based on the complaint filed wherein negligence was alleged and the responses to interrogatories wherein it was stated by [Turner] that [the Law Firm] deviated from the standard of care; from a scheduling order issued by this court ordering that expert(s) be disclosed on certain dates; by the fact that [the Law Firm] and its expert disclosure and witness lists identified two experts as to the issue of deviation from the

---

[1] The Summary Judgment was issued only ten days prior to the scheduled trial date.

[2] Kentucky Rule of Civil Procedure.

standard of care.  Further, [Turner] contacted Hon. Barry Lewis about possibly serving as an expert witness.[3]

Turner appealed.

## ANALYSIS

On appeal, Turner first asserts the circuit court improperly granted the Law Firm's motion for summary judgment because an expert should not have been required.  The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law."  *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03).  Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the non-moving party and "all doubts are to be resolved in his favor."  *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted).  The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists."  *Id*.  Thus, a summary judgment looks only to questions of law, and we review *de novo*.  *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016).

---

[3] Barry Lewis was one of the two expert witnesses on behalf of the Law Firm.  In response to Turner's CR 59.05 motion, the defense provided an affidavit from Lewis confirming that he had also been contacted by counsel for Turner about serving as an expert on his behalf.  He had declined to discuss the matter with Turner's counsel, but that contact had occurred in January 2025.

Both parties agree that expert testimony is typically required to establish the standard of care in negligence cases involving professions requiring special skill and expertise. Generally, the determination of whether an expert witness is required rests within the trial court's discretion. *Gleason v. Nighswander*, 480 S.W.3d 926, 929 (Ky. App. 2016) (citing *Blankenship v. Collier*, 302 S.W.3d 665, 673 (Ky. 2010)).

In *Gleason*, the attorney requested that his former client identify experts through written discovery, and he had not responded. *Id.* at 927-28. The attorney then moved to compel identification of expert witnesses. *Id.* at 928. The court granted that motion, ordering Gleason to produce his expert witness. *Id.* In response, Gleason then argued to the trial court that his case did not require an expert witness because the negligence was apparent and understandable to a reasonable layperson. *Id.* The trial court disagreed but did grant Gleason a brief continuance to procure his expert. *Id.* When Gleason still failed to secure an expert, the case for negligence was dismissed. *Id.* We upheld that summary judgment on appeal. *Id.*

Here, Turner argues that the circuit court made no prior determination that expert testimony was required. He argues that *Gleason* requires such a determination by the court. However, in *Gleason*, the plaintiff specifically advised, *before summary judgment was sought*, that he was seeking to proceed

without expert testimony. *Id.* The Court in *Gleason* exercised its discretion in ruling that he could not proceed without an expert, but granted him more time to attempt to secure an expert. *Id.*

In contrast, Turner did not ever indicate to the circuit court that he was intending to proceed without expert testimony, even though he recognized that an expert is generally required. When he answered interrogatories, he suggested that expert testimony would ultimately be provided. When he moved for a trial date and for deadlines to be imposed, he did not advise the court that he intended to proceed without any expert testimony. While other motions were made by Turner, there was never any indication of an intent to proceed without expert testimony.

In *Blankenship*, our Supreme Court provided guidance to the bench and bar regarding this recurring issue.

> [W]e reiterate that where a plaintiff does create a legitimate dispute about the need for an expert witness *prior to the expiration of the court's expert disclosure deadline*, the trial court should first make a separate ruling on that issue, *i.e.*, the need, or lack of need, for expert testimony in the case. If the court determines within its discretion that an expert is needed, it should give the plaintiff a reasonable amount of time to identify an expert as outlined by this Court in [*Baptist Healthcare Systems, Inc. v. Miller*, 177 S.W.3d 676 (Ky. 2005)]. However, if the need for an expert is never disputed and if it would be unreasonable for the plaintiff to argue that an expert is not needed, (and most particularly if the plaintiff requests an extension for the express purpose of securing more time to identify his experts), there is no reason for a trial court first to enter a separate ruling informing the plaintiff that his

-10-

case requires expert testimony before considering a defendant's summary judgment motion based on the plaintiff's failure of proof.

*Blankenship*, 302 S.W.3d at 672-73 (emphasis added). While Turner points to *Blankenship*, it does not support his argument. Turner did not "create a legitimate dispute about the need for an expert witness prior to the expiration of the court's expert disclosure deadline." *Id.* There was nothing in this record, prior to the Law Firm's motion for summary judgment, that would have required the circuit court to make a ruling on the need or lack of need for expert testimony in this case. "The trial court is not required sua sponte to issue its own separate ruling on the need for an expert." *Celina Mut. Ins. Co. v. Harbor Ins. Agency, LLC*, 332 S.W.3d 107, 113 (Ky. App. 2010).

If professional judgment is implicated, expert testimony will usually be required. *Ratliff v. Employers' Liability Assur. Corp., Ltd.*, 515 S.W.2d 225, 228-29 (Ky. 1974). It is true that in *Stephens v. Denison*, this Court held a legal malpractice plaintiff did not always need to present expert testimony. 150 S.W.3d 80 (Ky. App. 2004). However, *Stephens* is materially distinguishable because the attorney in that case allegedly failed to convey a plea offer to a criminal defendant, an obligation that is, without question, upon counsel. *Id.* at 82. Here, the question before the circuit court was primarily whether the Law Firm properly exercised legal judgment in proceeding before the ALJ rather than filing an appeal after the

first remand by the Board. The Law Firm's experts provided detailed analyses of the manner in which attorneys were presenting medical evidence in 2012 through 2014 and of the status of workers' compensation law at that time.[4] Based upon their detailed accounts, we cannot agree that this was a matter readily understood by a layperson. Simply put, the asserted negligence is not "so apparent that a layperson with general knowledge would have no difficulty recognizing it[.]" *Id.*

Secondly, Turner alleges the circuit court erred by denying him additional time to obtain an expert once he realized that the court was requiring the same. This argument is simply disingenuous, as the circuit court noted below. Turner proceeded throughout this litigation with knowledge that experts are generally required for professional negligence cases and yet he did not seek a ruling prior to summary judgment motions on whether he could proceed without expert testimony. If a reasonable amount of time expires and the party still fails to file any expert disclosures or request an extension of time, the trial court has the discretion to deny a motion for an extension of time and to grant summary judgment. *Neal v. Welker*, 426 S.W.2d 476, 479-80 (Ky. 1968). Likewise, the

---

[4] In short, the experts' affidavits stated that it was not until the *Corbett* opinion in 2015 that a legal requirement was established prohibiting judges from accepting reports of physicians assigning impairment ratings prior to MMI. Before that, it was accepted practice of workers' compensation attorneys to submit impairment ratings before a worker had reached MMI. These experts also asserted that it was not negligence for the Law Firm to proceed without an appeal after the first remand and that an appeal at that point would not have been successful in light of the *Corbett* decision which was affirmed by our Supreme Court.

circuit court has broad discretion in ruling on a continuance, and we will not reverse for failure to grant a continuance unless there is a clear abuse of discretion. *Airrich, LLC v. Fortener Aviation, Inc.*, 489 S.W.3d 254, 257-58 (Ky. App. 2016) (citation omitted). There was no abuse of discretion by the circuit court in either determining that an expert was required, nor in denying a continuance that was only sought after the deadlines had passed for naming experts and the motion for summary judgment was filed.

Third, we also disagree with Turner that his prior attorney's admission obviated the need for an expert witness in this legal malpractice suit. When a defendant makes certain admissions that expose his negligence, expert testimony may not be necessary. *Blankenship*, 302 S.W.3d at 670. However, Turner's previous attorney's only admissions were that it was the claimant's burden of proof to establish every element of a workers' compensation claim and that a particular report was not filed in the record by the Law Firm as it elected to use a different physician's report. Counsel also explained the manner in which he handled the case and testified that he did not think there was any way in the world that the Firm could have practiced Turner's case any better. Having reviewed the entire testimony relied upon by Turner on this appeal, we cannot agree that this testimony created an admission sufficient to remove the need for expert testimony in this

-13-

case. Rather, it reinforces the need for expert testimony to address the attorney's exercise of professional judgment.

## CONCLUSION

Even viewing the facts in a light most favorable to Turner, he did not meet his burden of proving negligence herein, and the circuit court did not err by finding in favor of the Law Firm. We AFFIRM the Summary Judgment of the Perry Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Jeffrey R. Morgan
Hazard, Kentucky

BRIEF FOR APPELLEE:

Darrin W. Banks
Michael J. Schmitt
Paintsville, Kentucky